IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** : | |
| : | |
| **BRADLEY J. YOUNG,** : | Bankruptcy No. <u>09-24934JAD</u> |
| : | |
| Debtor(s) : | Chapter 13 |
| : | |
| ************************************ : | |
| **BRADLEY J. YOUNG,** : | Doc. # 46 |
| : | |
| Movant(s), : | |
| : | |
| v. : | |
| : | |
| **1200 BUENA VISTA CONDOMINIUMS,** : | |
| : | |
| Respondent(s). : | |

## MEMORANDUM OPINION

The matter before the Court is the Debtor's *Objection to Claim No. 5-2* of 1200 Buena Vista Condominiums. Pursuant to the objection, the Debtor seeks to have $8,648.60 of the $23,548.60 claim filed by 1200 Buena Vista Condominiums denied as being unauthorized charges. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B), (O). This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons expressed below, the *Objection to Claim No. 5-2* shall be denied.

00005487.WPD

### I.

The Debtor, Bradley J. Young ("Young"), is an owner of a condominium unit known as 1200-A Buena Vista Street in Pittsburgh, PA. The condominium development is comprised of three units. The Debtors resides at Unit A. The remaining two units, Units B and C, are owned by Mr. Paul Georg ("Georg"). Georg acquired his units in December 1999. Since the time that Georg purchased his units, the relationship between the Debtor and Georg has been a strained one. Apparently, sometime in 2000, the Debtor ceased paying his condominium assessments.

Prior to the Debtor filing his bankruptcy petition, the condominium association, 1200 Buena Vista Condominiums (the "Association"), obtained a judgment against the Debtor in the amount of $14,900.00 for unpaid assessments. The proof of claim filed by the condominium association seeks an additional $8,648.60 incurred since the judgment was entered. The additional amount represents expenses incurred by the Association including: water and sewage assessed against the Debtor's unit, the Debtor's portion of insurance on the common elements of the building, legal expenses related to the collection of the delinquent amounts, and court costs and interest associated with the judgment.

Specifically, the Association's proof of claim in the amount of $23,548.60

is comprised of: (a) the $14,900.00 state court judgment; (b) $279.22 in interest[1]; (c) $246.50 in court costs associated with the state court judgment; (d) $316.18 in delinquent insurance and water/sewage expenses;[2] and (e) $7,806.70 in costs of collection of the judgment. Of those amounts, the Debtor is contesting only the water/sewage expense, the insurance expenses and the costs to collect the judgment against him. The Debtor is not presently contesting the validity of the judgment.[3]

## II.

The Debtor contends that the additional amounts assessed were unauthorized by the condominium association. Specifically, he argues that the Association has taken no measures and has held no meetings in accordance with the Association By-Laws to authorize assessment of charges. Young further argues that calculations of the charges have not been provided to him.

Because there are only two unit owners in the three unit building, the condominium association is comprised of only Georg and the Debtor. The ill will between the two unit owners has created a somewhat unique governance issue for

---

[1] The state court judgment was entered on February 17, 2009. The Court does not know why the Association has not asserted a claim for post-judgment interest from this date.

[2] It appears from the Corrected Testimony by Affidavit filed by Georg (see Doc. #75) that the amount of $316.18 is the net amount for insurance costs (of $740.65) and water/sewage (of $204.40) with credit given for payments received by the Debtor of $628.25. Counsel has acknowledged an error of addition on the Proof of Claim. (See Doc. #73).

[3] In his Amended Chapter 13 Plan, the Debtor has proposed payment of the $14,900.00 judgment. (See Doc. # 45).

00005487.WPD                                           3

the Association. Georg owns two of the three units (Units B and C) representing 63% (32% and 31% respectively) of the undivided interest in common elements and corresponding shares of common expense. (See Declaration, Ex. A, Article II, Section 2.)[4] The Debtor's unit (Unit A) represents 37%.

By the Debtor's own admission, notices of Association meetings and other Association business sent to him have gone unopened and unread. Apparently, the Debtor perceived some form of disrespect shown to him sometime after Georg's tenure as condominium owner commenced. As a result, the Debtor simply chose not to acknowledge or attend meetings scheduled by the Association. Numerous efforts, however, were made to schedule and hold meetings in order to elect an Executive Board and conduct business. (See e.g., Exs. G, I, J, K, L, M, N). The Debtor now complains that the actions taken by the Association were beyond the scope permissible by the Association By-Laws because meetings were not allegedly held as required by the By-Laws.

It is interesting to note that the Debtor, having consciously created the situation that compelled the Association to act without him, now complains that its actions were taken without property authority. The Debtor's complaint rings hollow. The Debtor cannot now be heard to say that the assessments levied are invalid because the Association acted without appropriate authority. The Court reaches this conclusion because where a party is the cause of another party's

---

[4] All exhibits refer to Respondent's Exhibits.

failure to perform, such party cannot take advantage of his own breach to prevent the other party from recovering.  See e.g., Miles v. Metzger, 173 A. 285 (Pa. 1934); Arlotte v. National Liberty Ins. Co., 167 A. 295 (Pa. 1933) (one party to a contract cannot escape liability on a contract on the ground of failure to perform a condition precedent by the other party where he has caused the failure).

The Court also recognizes that the Association argues that the matter of its authority to act was previously argued unsuccessfully by the Debtor in the state court action which resulted in the judgment against the Debtor.  Accordingly, the Association contends that any argument concerning it's authority is precluded by *collateral estoppel*.

In order for collateral estoppel to apply: (1) the identical issue must have been decided in the prior case; (2) there must have been a final judgment on the merits; (3) the party against whom collateral estoppel is being asserted was a party to the prior action; and (4) the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior action. See Nationwide Mutual Fire Inc. Co. v. George V. Hamilton, Inc., 571 F.3d 299 (3d Cir. 2009). Collateral estoppel bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination." Id. quoting New Hampshire v. Maine, 532 U.S. 742, 748-749 (2001).

The requirements of collateral estoppel regarding the authority of the Association to act have been met in this case.  In the prior state court litigation

between the same parties, the Debtor asserted in his New Matter that the majority owner (Georg) failed to act in accordance with the Association By-Laws. (See Doc. #51, Ex. A.) There was a final judgment in the state court action in the amount of $14,900.00 on the merits in favor of the Association. The Debtor, against whom collateral estoppel is now being asserted, was a party to that action and a had a full and fair opportunity to litigate the issue in state court. Therefore, the Debtor is estopped from arguing the authority of the Association.

Even if *collateral estoppel* was not applicable, this Court would not find a valid basis to deny the claim of the Association.

As long as the Debtor admittedly refused to acknowledge or participate in Association meetings, further attempts at holding such meetings to address Association business would be futile. "[T]he law is too pragmatic in its philosophy to require the doing of a vain and useless act." Suchan v. Swope, 53 A.2d 116 (Pa. 1947)(citations omitted).

Moreover, the types of expenses which were assessed against the Debtor are typical of common expenses contemplated by the Declaration and By-Laws. The Declaration defines Common Expenses to include, in relevant part: (1) expenses of administration, maintenance, repair or replacement of the Common Elements and facilities; (2) those expenses declared as common expenses by the Declaration or By-Laws; (3) expenses agreed upon by the Executive Board and assessed against unit owners by the By-Laws. (See Ex. A, Art. I, (8)(A)). Further, the By-

Laws provide that the Executive Board is to prepare a budget which is to estimate Common Expenses. (See By-Laws of 1200 Buena Vista Condominiums, Ex. B, Section VI (2)). Those Common Expenses are defined as including all costs of operation and reasonable amounts for working capital, general operating reserves and reserves for contingencies. (Id.). Common Expenses are then to be assessed against each unit owner for his share in proportionate liability. (Id. at Section VI (5)).

Water and sewage supplied for the benefit and use of all units is further defined as a Common Expense. (See Ex. A, Art. I, (8)(B)). Insurance coverage for common areas is required to be maintained by the By-Laws of the condominium. (See Ex. B, Section VIII (1)). The expense associated with that insurance coverage is also defined as a Common Expense. (See Ex. A, Article XI). Common Expenses are also defined to include those expenses declared Common Expenses by the Uniform Condominium Act, 68 Pa.C.S.A. §3101, et. seq. (See Ex. A, Art. I, (8)(A)).

Counsel fees to collect the Debtor's unpaid assessments are also an expense to be recovered from the Debtor. Pursuant to the By-Laws, reasonable attorneys fees incurred by the Executive Board to collect delinquent assessments are collectible as part of a delinquent assessment. (See Ex. B, Section VI (10)). Additionally, the Uniform Condominium Act allows for reasonable costs and expenses of an association including legal fees incurred in connection with collection of sums due by a unit owner to be enforced as an assessment (unless

the Declaration provides otherwise). (68 Pa.C.S.A. §3315(a),(f)). See also Centennial Station Condominium Ass'n v. Schaefer Co. Builders, Inc., 800 A.2d 379 (Pa. Cmwlth. 2002).[5]

All of the disputed expenses are designated in the By-Laws, Declaration and/or Uniform Condominium Act as being Common Expenses. Accordingly, additional action by the Executive Board would not be necessary to assess these expenses against the Debtor. The By-Laws provide that the Association shall have a lien for any assessment due. (Ex. B, Section VI (9)). In addition, Pennsylvania statute provides that a condominium association has a lien on a unit for assessments against the unit from the time the assessment becomes due. See 68 Pa. C.S.A. §3315(a).

It cannot be disputed that unit owners are bound by the Declaration and By-Laws. (See Ex. A, Article VI; Ex. B, Section I (3)). A unit owner is obligated to pay his share of Common Expenses in proportionate liability. (See Ex. B, Section

---

[5] Upon inquiry from the Court regarding the legal fees sought to be recovered by the Association, the Debtor asserted that the fees were neither a common expense or a special assessment. It was further mentioned that were not authorized by the Association or incorporated into the judgment. The Debtor did not offer any authority for this position. The Court can only surmise that the Debtor is referencing the case of Stendardo v. Federal Nat'l Mortgage Ass'n (In re Stendardo), 991 F.2d 1089 (3d Cir. 1993)(in a mortgage foreclosure action, absent language in the mortgage that a debtor's obligation to pay certain expenses such as insurance and taxes is preserved postjudgment, the mortgage merges into the foreclosure judgment negating a debtor's obligation to pay those expenses). However, the facts of the present case are distinguishable from those in Stendardo. The judgment in this case is not based on a mortgage and does not pertain to a mortgage foreclosure action. Rather, it is based upon the Declaration and By-Laws of the Condominium Association. Those documents survive the entry of the judgment and require an ongoing obligation of compliance by a Unit Owner. (See Ex. A, Section VI; Ex. B, Section I (3)). Moreover, a condominium association's right to attorneys fees related to collection of delinquent assessments is statutorily prescribed in Pennsylvania and not wholly dependent on contractual language between the parties. (See 68 Pa. C.S.A. § 3315(a),(f)).

VI (5)). There is no abatement of an assessment even where a unit owner's occupancy or access to common areas have been interrupted. (See id.) Duly assessed amounts are the personal liability of the unit owner. (See id. at (7)).

Finally, the Declaration provides that a Unit Owner or the Executive Board has the right to enforce liens and charges imposed by the Declaration. (See Ex. A, Art. XIII). Georg, as Unit Owner, can proceed with enforcing the charges.

The $8,648.60 in additional expenses is therefore an allowed claim.

### III.

For the above reasons, the Court shall enter an order denying the *Objection to Claim No. 5-2* of 1200 Buena Vista Condominiums filed by the Debtor.

March 4, 2011

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

case administrator to serve:

Francis E. Corbett, Esq.
S. James Wallace, Esq.
Ronda J. Winnecour, Esq.

**FILED**

MAR - 4 2011

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| BRADLEY J. YOUNG, | : | Bankruptcy No. <u>09-24934JAD</u> |
| Debtor(s) | : | Chapter 13 |
| ************************************* | : | |
| BRADLEY J. YOUNG, | : | Doc. # 46 |
| Movant(s), | : | |
| v. | : | |
| 1200 BUENA VISTA CONDOMINIUMS, | : | |
| Respondent(s). | : | |

### ORDER OF COURT

AND NOW, this 4th day of **March, 2011**, for the reasons expressed in the Memorandum Opinion issued herewith, the Court hereby **ORDERS, ADJUDGES** and **DECREES** that the *Objection to Claim No. 5-2* of 1200 Buena Vista Condominiums filed by the Debtor Bradley J. Young is **DENIED**.

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

case administrator to serve:

Francis E. Corbett, Esq.
S. James Wallace, Esq.
Ronda J. Winnecour, Esq.

FILED
MAR - 4 2011
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

00005487.WPD